IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOSHUA KUHN,**

    **Plaintiff,**

v.                **Case No. 3:22-cv-00486**

**7 UNKNOWN CORRECTIONAL
OFFICERS, et. al.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, Joshua Kuhn, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that staff at the Western Regional Jail and Correctional Center ("WRJ") violated his Eighth Amendment rights when they failed to protect him from other inmates. (ECF No. 2). Pending before the Court is a Motion to Dismiss filed by Superintendent Aldridge and Christopher Fleming[1]. (ECF No. 15). This case is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the motion to dismiss filed by Defendants Aldridge and Fleming, (ECF No. 15), **DISMISS** the complaint against the foregoing defendants, and **REMOVE**

---

[1] Though Kuhn's Complaint spells his last name as "Flemings", Defendants' Motion to Dismiss (ECF No. 15) and Memorandum of Law (ECF No. 16) consistently spell it as "Fleming," so the undersigned adopts the spelling used by Defendant Fleming.

1

them as defendants in this civil action.

I. **<u>Relevant History</u>**

Kuhn filed the complaint herein on October 26, 2022. (ECF No. 2). Kuhn alleges that he was attacked by two inmates wielding broomsticks on August 19, 2022 at around 5:00 p.m., while he was outside of his cell for his recreation hour. (*Id.* at 4). He suffered severe cuts to his head and a concussion. (*Id.*). Kuhn was taken to the Emergency Room at St. Mary's Medical Center, where doctors gave him a CT scan and stapled his head wounds. (*Id.* at 5). Kuhn continues to experience headaches from the injuries he suffered in the assault. (*Id.*).

Kuhn asserts that at the time of the attack, he was housed in a locked intake pod at the WRJ, which had seven correctional officers assigned to it. (*Id.* at 4). He contends that these officers knew he was in danger, yet failed to protect him from the attack; indeed, one of the officers improperly opened the door of the attackers' cell, giving them access to Kuhn. (*Id.* at 4–5). Kuhn states that when he complained about the incident to Superintendent Aldridge, the Superintendent allegedly replied, "there was a re[a]son the door was opened, you know what that was." (*Id.* at 6). Kuhn said he did not know the reason, and Aldridge responded that Kuhn "ask[ed] for it" by standing there arguing with the inmates who attacked him. (*Id.*). Kuhn claims that Superintendent Aldridge and Chief of Security Christopher Fleming are responsible for his injuries, because they failed to enforce policies and properly train staff. (*Id.* at 6). Kuhn requests injunctive relief to change policy at the WRJ to protect inmates and $60,000 in damages for pain and suffering, medical bills, court fees, and attorney's fees. (ECF No. 2 at 5).

Defendants Aldridge and Fleming filed a Motion to Dismiss, (ECF No. 15), and an accompanying Memorandum of Law. (ECF No. 16). Aldridge and Fleming argue that

Kuhn's complaint is subject to dismissal for failure to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6), as he has failed to establish the elements of supervisory liability against them, and they have qualified immunity. (ECF No. 16 at 1). On March 10, 2023, the undersigned held a hearing on Defendants' Motion to Dismiss. (ECF No. 19). Kuhn conceded at the hearing that he had no factual basis to believe that Aldridge and Fleming had personally committed any acts contributing to the assault, and he voluntarily agreed to dismiss them from the lawsuit. (*Id.*).

## II.     Standard of Review

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that, to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"); *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (holding the purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In resolving a Rule 12(b)(6) motion, the court considers the four corners of the complaint, as well as any exhibits attached to the complaint and documents explicitly incorporated by reference. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Conner v. Cleveland Cnty.*, 22 F.4th 412, 428 (4th Cir. 2022) (citing *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016)). While the court must assume that the facts

3

alleged in the complaint are true, it "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

Kuhn's complaint is brought under 42 U.S.C. § 1983, the federal law which permits plaintiffs to sue state actors for constitutional violations. A claim under 42 U.S.C. § 1983 has two essential elements: there was a violation of the plaintiff's rights under the Constitution and laws of the United States, and the alleged violation was committed by a person acting under color of state law. *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011). Because Kuhn does not allege that Defendants Aldridge and Fleming were

personally involved in the attack, and vicarious liability does not apply to § 1983 actions, in order to state a claim against Defendants Aldridge and Fleming, Kuhn must plead facts sufficient to support a finding of supervisory liability. *Burley v. Baltimore Police Dep't*, 422 F. Supp. 3d 986, 1032 (D. Md. 2019) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978)). An Eighth Amendment claim for supervisory liability has three elements: the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct posing a pervasive and unreasonable risk of constitutional injury; the supervisor's response to that knowledge showed deliberate indifference or tacit authorization of the alleged offensive practices; and there was an affirmative causal link between the supervisor's inaction and the constitutional injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014).

The complaint clearly fails to state the elements of supervisory liability. While Kuhn states that he and Aldridge had a conversation after the attack, there is no indication Aldridge knew or should have known that the correctional officers were engaging in a pattern of conduct that placed prisoners at a substantial risk of harm, and that Aldridge was deliberately indifferent to that conduct or tacitly authorized it. (*See* ECF No. 2 at 4–6). Similarly, Kuhn includes ***no*** factual allegations in the complaint pertaining to Fleming.

Furthermore, at the hearing held on March 10, 2023, Kuhn agreed that he had no knowledge of any facts suggesting that Aldridge or Fleming had knowledge that staff were acting in a manner that posed a pervasive and unreasonable risk of constitutional injury to inmates, or that they had improperly trained their employees, or that they had in any other manner contributed to the assault. He acknowledged that he included them in the lawsuit simply because of their supervisory positions and not because of any action or

inaction on their part. Kuhn indicated at the hearing that he wished to voluntarily dismiss these two defendants. Therefore, the undersigned **FINDS** that Kuhn has failed to state a plausible claim under the Eighth Amendment against Aldridge and Fleming, and his complaint against them should be dismissed.

### IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 15) be **GRANTED**, the complaint against them be **DISMISSED**, and Defendants Aldridge and Fleming be **REMOVED** as defendants in this civil action.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and counsel of record.

**FILED**: April 27, 2023

Cheryl A. Eifert
United States Magistrate Judge