IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOSHUA KUHN,**

      **Plaintiff,**

v.                                      Case No. 3:22-cv-00486

**BETSY C. JIVIDEN;**
**SUPERINTENDENT CARL ALDRIDGE;**
**CHRISTOPHER FLEMING;**
**JASON CASTO; JAMES BARKER;**
**JENNIFER HENDERSON;**
**VALERIE BAILEY; STEVE ALLEN;**
**and LLOYD ERWIN,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff, Joshua Kuhn, instituted this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that staff at the Western Regional Jail and Correctional Center ("WRJ") violated his Eighth Amendment rights when they failed to protect him from other inmates. (ECF Nos. 2, 32, 39). Pending before the Court are Motions to Dismiss filed by Superintendent Aldridge and Christopher Fleming, (ECF Nos. 15, 36), asserting that the pleadings filed by Kuhn fail to state a claim against them. This case is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motions to Dismiss filed by Defendants Aldridge and Fleming,

(ECF Nos. 15, 36), **DISMISS** the complaint, amended complaint, and second amended complaint against the foregoing defendants, and **REMOVE** them as parties in this civil action. In addition, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** Defendant Betsy C. Jividen as she has not been served with process in this case and Kuhn's complaint, amended complaint, and second amended complaint fail to state a claim against her.

## I. Relevant History

### A. *The Complaint*

Kuhn filed the complaint herein on October 26, 2022. (ECF No. 2). Kuhn alleged that on August 19, 2022 at around 5:00 p.m., he was outside of his cell for recreation hour when he was attacked by two inmates who were wielding broomsticks. (*Id.* at 4). Kuhn suffered severe cuts to his head and a concussion. (*Id.*). He was taken to the Emergency Room at St. Mary's Medical Center, where doctors gave him a CT scan and stapled his head wounds. (*Id.* at 5). Kuhn stated that he continues to experience headaches from the injuries he suffered in the assault. (*Id.*).

Kuhn asserted that at the time of the attack, he was housed in a locked intake pod at the WRJ, which had seven correctional officers assigned to it. (*Id.* at 4). He contended that these officers knew he was in danger, yet failed to protect him from the attack; indeed, one of the officers improperly opened the door of the attackers' cell, giving them access to Kuhn. (*Id.* at 4–5). Kuhn alleged that when he complained about the incident to Superintendent Aldridge, the Superintendent replied, "there was a re[a]son the door was opened, you know what that was." (*Id.* at 6). Kuhn said he did not know the reason, and Aldridge responded that Kuhn "ask[ed] for it" by standing there arguing with the inmates who attacked him. (*Id.*). Kuhn claimed that Superintendent Aldridge and Chief of Security

Christopher Fleming were responsible for his injuries, because they failed to enforce policies and properly train staff. (ECF No. 2 at 6). Kuhn requested injunctive relief to change policy at the WRJ to protect inmates and $60,000 in damages for pain and suffering, medical bills, court fees, and attorney's fees. (*Id.* at 5).

On December 22, 2022, Defendants Aldridge and Fleming filed a Motion to Dismiss, (ECF No. 15), and an accompanying Memorandum of Law. (ECF No. 16). Aldridge and Fleming argued that Kuhn's complaint was subject to dismissal for failure to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6), as he had failed to establish the elements of supervisory liability against them, and they had qualified immunity. (ECF No. 16 at 1). Kuhn was given until January 27, 2023 in which to respond to the Motion to Dismiss. (ECF No. 17). Although he was told that the failure to respond could support a conclusion that he did not dispute the defendants' contentions and could result in a recommendation of dismissal, Kuhn did not file a response. On March 10, 2023, the undersigned held a hearing on Defendants' Motion to Dismiss. (ECF No. 19). After discussing vicarious and supervisory liability with him, Kuhn conceded at the hearing that he had no factual basis to believe that Aldridge and Fleming had personally committed any acts contributing to the assault. He agreed to voluntarily dismiss them from the lawsuit. (*Id.*).

During the hearing, the undersigned ordered Aldridge to provide Kuhn with the names of the seven correctional officers described by Kuhn in his complaint so that he could amend the pleading and include the proper parties. (ECF No. 20). He was given until April 12, 2023 to join the seven officers, "indicating in writing that he wants to add each individual by name and writing down factually what each individual did or failed to do that caused Plaintiff harm." (*Id.* at 2). Kuhn was permitted to adopt the facts stated in

3

the complaint without having to rewrite them. (ECF No. 20). The names of the correctional officers were sent to Kuhn on March 27, 2023. (ECF No. 21).

On April 27, 2023, the undersigned entered a Show Cause Order notifying Kuhn that his amended complaint was late and instructing that if he did not file an amended complaint within thirty days from the date of the Order, a recommendation of dismissal would be made. (ECF No. 29). Kuhn was also advised that Defendant Jividen had not been served with process because the Marshals Service did not have a valid address for her. Kuhn was instructed to provide an address at which Jividen could be served, and was warned that the failure to do so within thirty days would result in a recommendation that the complaint be dismissed against Jividen. Kuhn was told that if he was suing Jividen solely because she was the Commissioner of the Division of Corrections, he should know that she was no longer employed in that capacity. (ECF No. 29 at 3). On the same day, the undersigned filed Proposed Findings and Recommendations, assessing the Motion to Dismiss of Defendants Aldridge and Fleming. (ECF No. 30). A recommendation was made that the presiding District Judge grant the Motion to Dismiss, because (1) the complaint failed to state a claim against the defendants; and (2) Kuhn had conceded at the status conference that he had no knowledge of any facts implicating Aldridge or Fleming and wished to voluntarily dismiss them. (*Id.*).

### B. Amended Complaint

On May 25, 2023, Kuhn filed an amended complaint. (ECF No. 32). Despite explicitly stating at the status conference that he wished to voluntarily dismiss Aldridge and Fleming, he named both defendants in the amended complaint. Kuhn also included Betsy Jividen in the style of the case, although he did not state any factual allegations against her, nor provide an address for her. Kuhn added Jason Casto (C-Tower Officer),

4

James Barker (C-Rover), Jennifer Henderson, Valerie Bailey (Central Control), Steven Allen (Supervisor), and Lloyd Erwin (Core Officer) as newly identified defendants. Kuhn restated many of the same facts contained in his complaint, although he provided more detail about the interactions he had with the inmates in cell 7 before they were released from their cell by correctional officer Jason Casto. (ECF No. 32 at 2). According to Kuhn, the inmates said they knew Casto and knew that he would open their cell, which he did upon their request. (*Id.*). Kuhn did not include any specific facts relating to any of the other named individuals; instead, he stated: "I feel this would not have happened if the C.O.s responsible for watching over us had done their job especially Jason Casto in the tower would have followed protocall [sic], and not let other inmates out of their cell at the same time as me." (*Id.* at 3).

On June 2, 2023, the undersigned entered an Order, noting that the only factual allegations contained in the amended complaint that detailed specific wrongdoing by any of the named defendants were directed toward Jason Casto. Therefore, the Clerk of Court was instructed to issue a summons for Casto. (ECF No. 33). Kuhn was notified that his amended complaint was insufficient to state a claim against the remaining defendants, and he was given fourteen additional days to file a second amended complaint that contained specific factual allegations against each of the other defendants. He was advised that his other two pleadings would be incorporated into the second amended complaint. (*Id.* at 2).

On June 8, 2023, Defendants Aldridge and Fleming filed a Motion to Dismiss the amended complaint. (ECF No. 36). They argued that the amended complaint should be dismissed against them because (1) Kuhn had not provided good cause for the untimeliness of his amended pleading; and (2) the amended complaint suffered from the

5

same defects as the complaint in that it was vague and conclusory with no factual underpinnings as to their potential liability. (ECF No. 36). The undersigned entered an Order giving Kuhn through and including June 30, 2023 in which to respond to the Motion to Dismiss. (ECF No. 38). Although Kuhn was told that his failure to respond might support a conclusion that the defendants' contentions were undisputed and could result in a recommendation of dismissal, Kuhn did not file a response.

### C. Second Amended Complaint

On June 16, 2023, Kuhn filed a second amended complaint. (ECF No. 39). In this pleading, Kuhn alleged that the C-Pod Rover, James Barker, failed to conduct security checks or disregarded the fact that broomsticks were missing, placing inmates in danger. (*Id.* at 1). Kuhn claimed that Henderson and Bailey, the Central Control Officers, were at a post with access to cameras surveilling C-Pod, section 1, yet failed to see the inmates from cell 7 take broomsticks into their cell; thereby, placing staff and inmates in danger. (*Id.* at 2). Kuhn reiterated the role played by Casto, indicating that he intentionally released the inmates in cell 7 although only one cell was supposed to be in the recreation room at a time. *(Id.)*. He added that the supervisors and core officers, whom he earlier identified as Allen and Erwin, failed to noticed that the inmates in cell 7 had the missing broomsticks, although supervisors and core officers had duties related to the cameras and security checks. (*Id.* at 3). Kuhn did not include any new or specific factual allegations pertaining to Aldridge, Fleming, or Jividen.

Accordingly, on June 21, 2023, the undersigned entered an Order directing Aldridge and Fleming that their pending Motions to Dismiss would be adopted by the Court as their responses to the second amended complaint. (ECF No. 40). Plaintiff was reminded that he had until June 30, 2023 to respond to the recently filed Motion to

Dismiss. The Clerk of Court was instructed to issue summonses for the remaining defendants. (ECF No 40 at 2-3). While there was a problem with service of process on Defendant Casto, (*Id.* at 2), that issue has since been resolved. (ECF No. 46).

## II.     Standard of Review

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that, to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"); *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (holding the purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In resolving a Rule 12(b)(6) motion, the court considers the four corners of the complaint, as well as any exhibits attached to the complaint and documents explicitly incorporated by reference. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Conner v. Cleveland Cnty.*, 22 F.4th 412, 428 (4th Cir. 2022) (citing *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016)). While the court must assume that the facts alleged in the complaint are true, it "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A pleading

that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

Kuhn's complaint, amended complaint, and second amended complaint (hereinafter also collectively referred to as "complaint") are brought under 42 U.S.C. § 1983, the federal law which permits plaintiffs to sue state actors for constitutional violations. A claim under 42 U.S.C. § 1983 has two essential elements: there was a violation of the plaintiff's rights under the Constitution or laws of the United States, and the alleged violation was committed by a person acting under color of state law. *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011). Because Kuhn does not allege that Defendants Aldridge and Fleming were personally present or involved in his assault, and vicarious liability does not apply to § 1983 actions, in order to state a claim against Defendants Aldridge and Fleming, Kuhn must plead facts sufficient to support a finding

of supervisory liability. *Burley v. Baltimore Police Dep't*, 422 F. Supp. 3d 986, 1032 (D. Md. 2019) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978)). An Eighth Amendment claim for supervisory liability has three elements: the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct posing a pervasive and unreasonable risk of constitutional injury; the supervisor's response to that knowledge showed deliberate indifference or tacit authorization of the alleged offensive practices; and there was an affirmative causal link between the supervisor's inaction and the constitutional injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014).

The complaint clearly fails to state the elements of supervisory liability. While Kuhn alleges that he and Aldridge had a conversation after the attack, there is no indication Aldridge knew or should have known that the correctional officers were engaging in a pattern of conduct that placed prisoners at a substantial risk of harm, and that Aldridge was deliberately indifferent to that conduct or tacitly authorized it. (*See* ECF No. 2 at 4–6). Similarly, Kuhn includes ***no*** factual allegations in the complaint pertaining to Fleming.

Furthermore, at the hearing held on March 10, 2023, Kuhn agreed that he had no information suggesting that Aldridge or Fleming had knowledge that staff were acting in a manner that posed a pervasive and unreasonable risk of constitutional injury to inmates, or that they had improperly trained their employees, or that they had in any other manner contributed to the assault. He acknowledged that he included them in the lawsuit simply because of their supervisory positions and not because of any action or inaction on their part. Kuhn indicated at the hearing that he wished to voluntarily dismiss these two defendants. Although Kuhn has continued to name Aldridge and Fleming as defendants in this action, he has not added any factual allegations that give rise to a plausible cause

of action against them. Therefore, the undersigned **FINDS** that Kuhn has failed to state a claim against Aldridge and Fleming, and his complaint against them should be dismissed.

With respect to Betsy Jividen, the undersigned **FINDS** that two grounds support her dismissal from this case. First, Jividen was not served with process within the requisite ninety days as required by Fed. R. Civ. P. 4(m). Although Kuhn is entitled to have the United States Marshals Service deliver process on his behalf, Kuhn was advised of the problem encountered when attempting to serve Jividen and was asked to provide an address for her. He was also informed that Jividen no longer worked with the Division of Corrections, in the event that he only sued her in her role as the Commissioner of that agency. He was told that she would be dismissed from the lawsuit if she was not served with process. Despite being provided with this information, Kuhn took no steps to locate an address and provide it to the Clerk. Moreover, he never directly responded to the inquiry about whether he was suing Jividen in her role as Commissioner, or for some other alleged unconstitutional act.

Second, and more importantly, Kuhn has not included a single factual allegation in his complaint specific to Jividen. He does not claim that she was present at the WRJ before, during, or after the assault. He does not contend that he spoke with her, that she had any knowledge of the attack, or that she bore responsibility for the incident. He does not assert that she played any direct—or even indirect—role in the supervision or management of the WRJ. He has not alleged that she had knowledge of a pervasive and unreasonable risk of constitutional injury to inmates posed by the correctional officers at the WRJ. Indeed, other than to list her name in the style of the case, Kuhn's inclusion of Jividen in this matter is a complete mystery to the Court. Consequently, the complaint

fails to state a plausible claim against Jividen and should be dismissed against her.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the motions to dismiss filed by Defendants Aldridge and Fleming, (ECF Nos. 15, 36), **DISMISS** the complaint, amended complaint, and second amended complaint, (ECF Nos. 2, 32, 39), against the foregoing defendants, and **REMOVE** them as defendants in this civil action. In addition, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** Defendant Betsy C. Jividen and **REMOVE** her as a defendant in this action as she has not been served with process in this case and because Plaintiff's complaint, amended complaint, and second amended complaint fail to state a claim against her.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and counsel of record.

**FILED**:  July 17, 2023

Cheryl A. Eifert
United States Magistrate Judge