IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOSHUA KUHN,**

      **Plaintiff,**

v.                                                             **Case No. 3:22-cv-00486**

**JASON CASTO; JAMES BARKER;
JENNIFER HENDERSON;
VALERIE BAILEY; STEVEN ALLEN;
and LLOYD ERWIN.**

      **Defendants.**

### MEMORANDUM OPINION and ORDER

    Pending is Defendant Jason Casto's Motion to Compel Discovery Responses and Deem Requests Admitted. (ECF No. 67). For the reasons that follow, the Court **GRANTS** the motion, in part, to compel Plaintiff Kuhn to respond to Defendant Casto's discovery requests. The Court **ORDERS** that Plaintiff Joshua Kuhn respond to Defendant Casto's First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents within **fourteen (14) days** of receipt of this Order—assuming receipt by mail will take three days (by **November 20, 2023**). The Court **DENIES** the motion, in part, concerning Defendant Casto's request that his requests for admission be deemed admitted. Defendant shall bear his own attorneys' fees and costs associated with the motion.

    Kuhn must respond to each of Casto's requests for admission, interrogatories, and requests for production of documents. Kuhn may object to requests that ask for irrelevant

1

or privileged information, or for any other reason allowed under the Federal Rules of Civil Procedure or federal law. Otherwise, he must answer all requests for admission, interrogatories, and requests for production of documents to the best of his knowledge, or state that he does not know the answer. He is free to provide as much information as necessary to provide an accurate answer to Casto's requests. Kuhn is reminded that, in responding to the discovery requests, he should send his responses to Casto's counsel and send a certificate of service to the Clerk of Court. Kuhn is also reminded that he may obtain a copy of the *Pro Se* Handbook for the Southern District of West Virginia by writing to the Clerk of Court and requesting a copy. However, regardless of Kuhn's access to the Handbook or any other legal research tools or materials, he must respond to Casto's discovery requests by the deadline stated above.

## I. Relevant Facts and Procedural History

Plaintiff Joshua Kuhn filed this action under 42 U.S.C. § 1983, alleging Defendants violated his Eighth Amendment right against cruel and unusual punishment by failing to protect Kuhn from other inmates. (ECF No. 2). Kuhn filed the complaint herein on October 26, 2022. (*Id.*). Kuhn alleged that on August 19, 2022 at around 5:00 p.m., he was outside of his cell for recreation hour when he was attacked by two inmates wielding broomsticks. (*Id.* at 4). The two inmates had concealed the broomsticks in their cell—cell 7. (*Id.*). Kuhn suffered severe cuts to his head and a concussion. (*Id.*). He was taken to the Emergency Room at St. Mary's Medical Center, where doctors gave him a CT scan and stapled his head wounds. (*Id.* at 5). Kuhn stated that he continues to experience headaches from the injuries he suffered in the assault. (*Id.*). Kuhn asserted that at the time of the attack, he was housed in a locked intake pod at the Western Regional Jail,

which had seven correctional officers assigned to it. (*Id.* at 4). Kuhn alleged that the seven correctional officers on duty at the time of the incident failed to protect him. (*Id.*). Regarding Defendant Casto, Kuhn alleged that Casto released Kuhn's attackers from their cell while Kuhn was out for his recreation hour, in violation of unit policy which mandates that only one cell can be out for recreation at a time. (ECF No. 39 at 2). The inmates who attacked Kuhn had been threatening him at the time they were released from their cell. (*Id.*).

Defendant Casto filed an answer on July 11, 2023, denying all allegations contained in Kuhn's complaint, amended complaint, and second amended complaint. (ECF No. 52). Casto then served Kuhn with his First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents on July 20, 2023. (ECF No. 55). Casto served his First Set of Discovery Requests before the undersigned had entered a scheduling order, and before the undersigned had an opportunity to explain the discovery process to Kuhn. Kuhn had until August 22, 2023 to respond to the discovery requests. (ECF No. 67 at 2). Kuhn did not respond. (*Id.*). Casto then sent Kuhn a letter on August 30, 2023, explaining that Kuhn's responses were overdue and requesting Kuhn respond to the discovery requests by September 8, 2023. (*Id.*). Again, Kuhn did not respond. (*Id.*). Casto filed the instant motion to compel and deem requests admitted on September 18, 2023. (ECF No. 67). Kuhn did not respond to Casto's motion to compel.

On October 30, 2023, the undersigned, via the undersigned's law clerk, held a status hearing to inform Kuhn of his discovery obligations and inquire why he had yet to respond to Casto's discovery requests. Kuhn explained that he had received the discovery requests and had been working on his responses, but that he was uncertain how to

3

respond to some of the requests. He expressed that he was unsure whether he could add qualifying information to his answers, and he did not know that he had the right to object to requests for irrelevant or privileged information. After the discovery process was explained to him, Kuhn stated that he did not currently have access to the tablet used by inmates to conduct legal research, but he expected to regain access to the tablet by November 2, 2023, and he stated that he likely would be able to respond to Casto's discovery requests by November 10, 2023.

## II. Relevant Law

The scope of discovery that is permissible in this action is defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, which states:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). Yet, even if seeking relevant information, the discovery request must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

A party dissatisfied with a discovery response or lack of response can move for an order compelling disclosure or discovery after attempting to confer with the party that

submitted the response or failed to respond. Fed. R. Civ. P. 37(a). Under the local rules of this Court, a motion to compel must be filed within 30 days of the discovery responses being due, or the motion is waived. L. R. Civ. P. 371(c). However, the 30-day deadline may be extended by Court order for good cause shown or by stipulation of the parties, so long as the extension does not interfere with the scheduling order. *Id.*

In the event of a discovery dispute, the party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Tinsley v. OneWest Bank, FSB*, No. 3:13-CV-23241, 2014 WL 7005852, at *2 (S.D.W. Va. Dec. 10, 2014) (citations omitted). As such, conclusory and unsubstantiated allegations are simply insufficient to support discovery objections based on the grounds of annoyance, burdensomeness, oppression, or expense. *Id.*

### III. Discussion

#### A. *Motion to Compel*

Casto moves to compel Kuhn to respond to Casto's first set of discovery requests, which included interrogatories, requests for production of documents, and requests for admission. (ECF No. 67). At the time Casto served Kuhn with the discovery requests, the undersigned had not yet issued a scheduling order, because, under this Court's Local Rules of Civil Procedure, Kuhn's case is exempt from the normal scheduling order timeline. *See* L.R. Civ. P. 16.1(g)(6) (exempting § 1983 actions by *pro se* plaintiffs from Federal Rule of Civil Procedure 16(b), which typically requires a court issue a scheduling order within 90 days after any defendant has been served or 60 days after any defendant has appeared). This raises the preliminary question of whether, in the absence of a scheduling order, Casto's discovery requests were validly served. Fed. R. Civ. P. 26(d)(1)

prohibits parties from seeking discovery before the parties have conferred as required by Rule 26(f), unless the proceeding is "exempted." In this jurisdiction, cases alleging constitutional violations under § 1983 by *pro se* plaintiffs are exempted. *See* L. R. Civ. P. 16.1(g)(6). Consequently, Defendant was not prohibited by Rule 26(d) from serving discovery requests on Plaintiff. In other jurisdictions, the absence of a scheduling order might render invalid the service of any discovery requests. *See Banks v. Ramsey*, No. CIV.A. RWT-14-305, 2015 WL 5157488, at *2 (D. Md. Sept. 1, 2015) (finding that requests for admission were not properly before the court where defendant had improperly served plaintiff with requests before a scheduling order was entered, in violation of a local rule stating that discovery shall not commence before a scheduling order is entered). However, Court has no analogous rule applicable to this type of action that would prevent parties from serving discovery requests prior to the issuance of a scheduling order. *See generally* L. R. Civ. P. Therefore, Casto's service of the first set of discovery requests was valid, and the instant motion is properly before the Court.

      Because Kuhn has completely failed to respond to Casto's discovery requests, and Casto has complied with the procedural requirements governing motions to compel, the undersigned will grant the motion to compel. Under the Federal Rules of Civil Procedure, parties must respond to interrogatories, requests for document production, and requests for admission within 30 days of service, unless the parties have stipulated to, or the court has ordered, another timeframe. F. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). If a party served with discovery requests fails to timely respond, the party seeking discovery may file a motion to compel within 30 days after the discovery response became due, after making a good faith effort to confer with the party failing to make discovery. F. R. Civ. P.

37, L.R. Civ. P. 37(c). Casto served Kuhn with the first set of discovery requests on July 20, 2023. (ECF No. 67 at 2, 67-1 at 1). Kuhn had 30 days to respond, in accordance with Rules 33, 34 and 36, plus an additional three days, since he was served by mail, *see* F. R. Civ. P. 6(d). Kuhn did not respond, and Casto made a good faith effort to confer by sending Kuhn a letter on August 30, 2023. When Kuhn still failed to respond even after the August 30 letter, Casto filed this motion to compel on September 18, 2023, within 30 days after Kuhn's responses became due. Kuhn may not have understood his discovery obligations until they were explained to him during the October 30 status conference, but, nonetheless, an order compelling him to respond is procedurally appropriate. While the undersigned could choose to issue an order extending the deadlines for Kuhn's discovery responses, *see* F. R. Civ. P. 33, 34, 36, an order compelling him to respond will be more effective to expedite the discovery process. Considering that this case has already been pending for one year, it is in the interests of all parties, including Kuhn, to complete discovery as quickly as possible.

### B. *Deeming Requests for Admission Admitted*

Casto also asks the undersigned to deem admitted the first set of requests for admission. (ECF No. 67 at 4). Casto made five requests for admission from Kuhn: 1) that Kuhn suffered no permanent injury as a result of any physical altercation alleged throughout the complaint, 2) that Kuhn has not sought treatment for emotional distress as a result of the alleged incidents, 3) that Casto was unaware of the alleged threats being made toward Kuhn by the other inmates at the time of the incident alleged in paragraph 4 of the second amended complaint, 4) that Kuhn has made no out-of-pocket payments for any and all medical treatments stemming from the alleged incident, and 5) that Kuhn

7

has undergone no psychiatric or other treatment for emotional distress stemming from the incident. (ECF No. 67-1 at 5). The relevant rule for requests for admission, Rule 36, provides that a matter is deemed admitted if the party to whom the request is directed does not respond within 30 days of being served with the requests. Since Kuhn did not respond to the requests within the 30 days (and still has yet to respond), Casto argues that the requests should be deemed admitted. (ECF No. 67 at 4).

Rule 36 states that a matter "is admitted, unless, within 30 days of being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). Though this language may sound as though a failure to respond will automatically deem the requests admitted, courts have discretion in determining whether to deem requests admitted by default. *Nguyen v. CNA Corp.*, 44 F.3d 234, 243 (4th Cir. 1995). In deciding whether to deem requests admitted, courts will consider, among other factors, the sophistication of the party to be bound by the admission and the centrality of the facts admitted to the case. Courts typically will not deem requests admitted where the party to whom the requests are directed is proceeding *pro se* and is unaware of the consequences of failing to respond. *See Fair Am. Ins. & Reinsurance Co. v. Capitol Valley Contracting, Inc.*, No. 2:21-CV-00212, 2021 WL 5774154, at *5 (S.D.W. Va. Dec. 6, 2021); *Simpson v. Kapeluck*, 2:09-cv-21, 2010 WL 1981099, at *5 (S.D.W. Va. May 14, 2010), *aff'd*, 402 F. App'x 803 (4th Cir. 2010). Courts are also reluctant to deem admitted facts which are central to the case, because the default admission may preclude a true decision on the merits. *See Pickens v. Equitable Life Assur. Soc. of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969) (holding that requests for admissions as to central facts in dispute are beyond the proper scope of default admissions); *Uribe v.*

8

*Aaron's, Inc.*, No. GJH-14-0022, 2014 WL 4851508, at *3 (D. Md. Sept. 26, 2014). Here, Kuhn proceeds *pro se*, and Casto served the requests for admission before the undersigned had issued a scheduling order and explained the discovery process to Kuhn. Though Casto included a brief warning in the August 30th letter, cautioning Kuhn that a failure to respond would result in the admissions being admitted by default, this notice was not included in the original discovery requests and was likely insufficient to inform Kuhn of his responsibilities in discovery. (*See* ECF Nos. 67-1, 67-2). Additionally, the requests for admission concern central questions of fact to the case, including whether Kuhn suffered any permanent injury and whether Casto was aware of the threats made against Kuhn by the inmates who attacked him. Casto has not demonstrated any prejudice that would overcome the interest in having this case decided on the merits. *See U.S. Tobacco Coop., Inc. v. Certain Underwriters at Lloyd's*, No. 5:19-CV-430-BO, 2020 WL 5984053, at *2 (E.D.N.C. Oct. 8, 2020). Because deeming the requests admitted would not be in the interests of justice, the Court declines to deem the requests for admission as admitted. Accordingly, Plaintiff is ordered to answer the requests for admission as stated above.

    The Clerk is directed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** November 3, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge

9